IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| TAZJUAN BRIDGES,<br><br>    Plaintiff,<br><br>v.<br><br>MANAGEMENT ANALYSIS & UTILIZATION, INC. D/B/A MAU WORKFORCE SOLUTIONS, TEXTRON SPECIALIZED VEHICLES, INC.,<br><br>    Defendants. | Civil Action No.  CV 122-161<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

COMES NOW, Plaintiff, Tazjuan Bridges ("Mr. Bridges" or "Plaintiff"), by and through undersigned counsel, and files his Complaint against Defendant Management Analysis & Utilization, Inc. d/b/a MAU Workforce Solutions ("MAU") and Textron Specialized Vehicles ("Textron"), (collectively "Defendants") showing this Court as follows:

1

## NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendants' violation of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* (the "ADA").

## PARTIES

2. Plaintiff is a citizen of the United States of America and resident of the State of Georgia.

3. Textron is a Delaware corporation with its principal place of business in Augusta, Georgia.

4. Textron is licensed to conduct business in this State and District.

5. Textron may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, at 289 S Culver Street, Lawrenceville, GA, 30046.

6. MAU is a Georgia corporation with its principal place of business in Augusta, Georgia.

7. MAU is qualified and licensed to do business in this State and District.

8. Defendant MAU may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Randall W. Hatcher, at 501 Greene Street, Augusta, Georgia 30901.

9. At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendants MAU and Textron.

10. At all such times, Plaintiff was also an "employee" of Defendants as defined under the ADA at 42 U.S.C. § 12111(4).

11. MAU is a covered employer subject to the jurisdiction of Title I of the ADA in accordance with 42 U.S.C. § 12111(5).

12. Textron is a covered employer subject to the jurisdiction of Title I of the ADA in accordance with 42 U.S.C. § 12111(5).

13. During all times relevant hereto, Defendants Textron and MAU have employed fifteen (15) or more employees for the requisite duration under the ADA. Defendants are therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises under the ADA.

15. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises under the ADA.

16. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331

over Count III of this Complaint, which arises under the ADA.

17. Textron is subject to general personal jurisdiction in this Court because its principal place of business is in the Southern District of Georgia.

18. MAU is subject to general personal jurisdiction in this Court because it is a Georgia corporation with its principal place of business in the Southern District of Georgia.

19. Venue is proper in this Court because the employment practices described herein occurred in the Augusta Division of the Southern District of Georgia.

## ADMINISTRATIVE PROCEDURES

20. Plaintiff has fulfilled all conditions necessary to proceed with this case of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 12, 2021, and the EEOC issued its Notice of Right to Sue on September 29, 2022.

21. Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

22. On or about September 18, 2021, Mr. Bridges began working with staffing agency MAU.

23. On or about September 20, 2021, Mr. Bridges began working for MAU's client, Textron, as a Material Handler, at its 1451 Marvin Griffin Road, Augusta, Georgia 30909 location.

24. At all relevant times, Mr. Bridges suffered mental health disorders.

25. Mr. Bridges' disabilities were controlled, and he had not experienced any episodes for a prolonged period of time.

26. Despite his disabilities, Mr. Bridges was able to perform the essential functions of his job.

27. On September 21, 2021, Mr. Bridges observed his co-worker, Koby (last name unknown), having an allergic reaction.

28. Mr. Bridges immediately went to assist Koby.

29. At that moment, Jerry Warran, a supervisor for Textron, approached Mr. Bridges closely and started yelling at him using profanity.

30. Warran screamed at Mr. Bridges and asked why he would stop working and leave his working station.

31. The same day, Mr. Bridges reported the incident detailed in Paragraphs 27-30. to Alexis Grandstaff, the Associate Relations Leader for MAU.

32. Mr. Bridges informed Grandstaff of his mental disabilities.

33. On or around September 22, 2021, Grandstaff approached Mr. Bridges.

34. Warran accompanied Grandstaff.

35. Grandstaff asked Mr. Bridges about his disabilities.

36. Warran apologized to Mr. Bridges for the prior incident detailed in Paragraphs 27-30.

37. Grandstaff asked if Mr. Bridges needed an accommodation.

38. Mr. Bridges responded that he did not need anything at that time.

39. After the conversation detailed in Paragraphs 31-38, Plaintiff went back to work.

40. Later the same day, September 22, at approximately 8:30 pm, Grandstaff took Mr. Bridges outside the facility.

41. Grandstaff informed Mr. Bridges that he was terminated.

42. Grandstaff explained that Mr. Bridges' termination was due to his disabilities since "this work environment would not suit [him]," and she believed that he needed a less stressful and quiet job.

43. Grandstaff sent Mr. Bridges home.

44. When Mr. Bridges arrived home, he contacted Lisa Landrum, a Site Manager for Textron.

45. Mr. Bridges asked if she could help him get his job back.

46. Mr. Bridges told Landrum that he believed his termination from Textron was due to his disabilities.

47. Landrum informed Mr. Bridges that she could not do anything for him.

48. Landrum informed Mr. Bridges that "because of your condition, we do not feel like this is the best position for you."

49. On September 24, 2021, Landrum informed Mr. Bridges that he was terminated from MAU as well.

50. Later, Mr. Bridges received a termination letter wherein Defendants stated that the reasons for Mr. Bridges' termination were alleged issues with his performance.

51. The alleged performance deficiencies referenced in Paragraph 50 were untrue.

52. Defendants had never counseled or raised any of the alleged performance deficiencies referenced in Paragraph 50 prior to the termination letter.

53. Defendants had not imposed any discipline upon Mr. Bridges during his employment.

54. Defendants never requested medical certification that Mr. Bridges could perform the essential functions of his position with or without reasonable accommodations.

55. Mr. Bridges did not require accommodations for his disability under the ordinary working conditions of the position.

56. Mr. Bridges' disabilities only became relevant when he was yelled and cursed at, which was not reasonably foreseeable.

## COUNT I: ADA DISCRIMINATION – TERMINATION

57. Plaintiff reasserts and incorporates paragraphs 22 through 56 as if fully set forth herein.

58. Defendants are subject to the requirements of the ADA, as shown in Paragraph 13.

59. Plaintiff is a qualified individual with disabilities.

60. Plaintiff suffered the adverse action of removal from his position.

61. But for Plaintiff's disabilities, Defendants would have retained Plaintiff in his position as Material Handler.

62. At all times relevant to the decision regarding the adverse action at issue, Plaintiff did not require accommodations to fulfill his job duties.

63. Defendants knew of Plaintiff's disability.

64. Plaintiff performed the essential functions of his job with or without accommodation for his disability.

65. Causation is shown by the comments regarding Plaintiff's disabilities.

66. Causation is shown by the close temporal proximity between a report of Plaintiff's conditions and the adverse action.

67. By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendants violated the ADA, as amended.

68. Although Defendants purport to provide a legitimate nondiscriminatory reason for the adverse action, this reason is a pretext for disability discrimination.

69. Defendants treated other employees outside Plaintiff's protected class differently.

70. Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*

71. Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

72. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

73. As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

74. As a result of Defendants' discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

75. Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

76. Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(2) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II: ADA – PERCEPTION - DISABILITY

77. Plaintiff reasserts and incorporates paragraphs 22 through 56 as if fully set forth herein.

78. Plaintiff is a person with impairments that substantially restrict him as compared to the average person in the general population.

79. But for Defendants' perception of Plaintiff having a disability, Defendants would have retained Plaintiff in his position as material handler.

80. In failing to retain Plaintiff, Defendants violated the ADA because of Defendants' perception of Plaintiff having a disability.

81. Because of Defendants' violation of the ADA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT III: ADA RETALIATION

82. Plaintiff reasserts and incorporates paragraphs 22 through 56 as if fully set forth herein.

83. Defendants are subject to the requirements of the ADA, as shown in Paragraph 13.

84. The communication in Paragraph 46 was a protected disclosure under the ADA.

85. Plaintiff suffered the adverse action of removal from his position.

86. Causation is shown by the close temporal proximity between Plaintiff's protected activity and the adverse action.

87. Defendants' articulated reason for refusing to allow Plaintiff to work was pretext, as shown by paragraphs 50-56.

88. As a result of Defendant's actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, harm to reputation, and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Liquidated damages equal to Mr. Bridges' lost wages and benefits of employment and prejudgment interest thereon;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment and post judgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendants have violated Mr. Bridges' statutory rights;

(i) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(j) All other relief to which Mr. Bridges may be entitled.

Respectfully submitted this 28th day of December, 2022.

**BARRETT & FARAHANY**
 s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com